IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL L. HUMMEL,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Civil No. 1:25-CV-2265<br><br><br><br>(Chief Magistrate Judge Bloom) |

**MEMORANDUM OPINION**

## I. Introduction

April Hummel filed an application under Titles II and XVI of the Social Security Act for disability and disability insurance benefits and supplemental security income on March 23, 2022. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Hummel was not disabled from her amended alleged onset date of March 23, 2022, through March 26, 2025, the date of the ALJ's decision.[1]

Hummel now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record,

[1] This was the second ALJ decision on Hummel's disability application, the first having been remanded by the Appeals Council on September 20, 2024. *See* Tr. 144-47.

and mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'"[2] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Hummel filed for disability and disability insurance benefits, as well as supplemental security income, alleging disability due to rheumatoid arthritis, high blood pressure, low iron, and low blood count.[3] Hummel was 46 years old at the time of her application, had at least a high school education, and had no past relevant work.[4]

An ALJ held a hearing on Hummel's disability application on February 4, 2025.[5] Hummel and a Vocational Expert ("VE") both appeared and testified at this hearing.[6] Following this hearing, on March 26, 2025, the ALJ issued a decision denying the plaintiff's application for

---

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[3] Tr. 106.
[4] Tr. 37-38.
[5] Tr. 45-62.
[6] *Id.*

disability benefits.[7] The ALJ first concluded that Hummel had not engaged in substantial gainful activity since her application date.[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of rheumatoid arthritis and osteoarthritis.[9] She found the plaintiff's obesity to be nonsevere, reasoning that "[l]ongitudinally, there is no evidence of objective deficits associated with her obesity."[10] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[11]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of light work treated as sedentary work, in that the plaintiff was limited to sitting and standing for two hours and walking for six hours in an eight-

---

[7] Tr. 23-44.

[8] Tr. 29. As we will discuss, while the ALJ's decision noted the plaintiff's application date to be May 2, 2022, rather than March 23, 2022, it is clear from the ALJ's decision that she considered all of the relevant records from March of 2022 through the date of her decision.

[9] *Id.*

[10] Tr. 32.

[11] Tr.

hour day; she could not climb ladders, ropes, or scaffolds or kneel, crouch, or crawl but could occasionally perform other postural activities and use her lower extremities.[12] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[13] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged. Having made these findings, the ALJ found at Step 4 that Hummel had no relevant past work but found at Step 5 that she could perform the occupations of an assembly inspector, polisher, and order clerk.[14] Accordingly, the ALJ found that Hummel had not met the stringent standard prescribed for disability benefits and denied her claim.[15]

This appeal followed. On appeal, Hummel argues that the ALJ erred by inaccurately adjudicating the disability period, finding the plaintiff's obesity to be nonsevere, and rejecting the opinion and limitations set forth by the plaintiff's treating doctor. This case is fully

[12] Tr. 34.
[13] Tr. 34-37.
[14] Tr. 38.
[15] Tr. 39.

briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[16] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[18] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[19]

---

[16] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[17] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[18] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[19] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[20] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[21] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[22] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[23]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful

---

[20] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[21] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[22] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[23] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

work which exists in the national economy."[24] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[25] In making a disability determination, the ALJ follows a five-step evaluation.[26] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[27]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her

---

[24] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[25] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[26] 20 C.F.R. §§404.1520(a), 416.920(a).
[27] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

impairment(s)."[28] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[29] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[30]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[31] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[32]

---

[28] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[29] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[30] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[31] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[32] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion.[33] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[34] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[35] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[36]

---

[33] 20 C.F.R. § 404.1520c(c).
[34] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[35] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[36] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[37] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[38] Further, the ALJ can credit parts of an opinion without giving credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[39] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[40]

C. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is

---

37 *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
38 *Mason*, 994 F.2d at 1066.
39 *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
40 *Cummings*, 129 F. Supp. 3d at 214–15.

supported by substantial evidence in the record.[41] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Hummel first alleges that the ALJ improperly adjudicated the disability period. Specifically, Hummel argues that the ALJ concluded that Hummel was not disabled since her application date of May 2, 2022, despite finding that the correct protected filing date was March 23, 2022.[42] But as the Commissioner accurately notes, any error in this regard is harmless,[43] as the plaintiff fails to identify any evidence that the ALJ failed to consider, or how such evidence would have led to a

---

[41] *Biestek*, 139 S. Ct. at 1154.
[42] Doc. 12 at 5.
[43] Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the error "prejudices a party's 'substantial rights[,]'" meaning the error "likely affect[ed] the outcome of the proceeding, . . ." *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014). The plaintiff carries the burden of proving that an error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

different outcome in her case. Accordingly, there is no basis for a remand on this issue.

Hummel next asserts that the ALJ erred in her consideration of Hummel's obesity, in that the ALJ should have found obesity to be a severe impairment.[44] At Step 2, the ALJ determines whether a claimant has a medically severe impairment or combination of impairments.[45] An impairment is considered severe if it "significantly limits an individual's physical or mental abilities to do basic work activities," or if it is "something beyond 'a slight abnormality which would have no more than a minimal effect on an individual's ability to work.'"[46] This Step 2 inquiry is a de minimis screening device used to cast out meritless claims.[47] The claimant bears the burden to show that an impairment should be considered severe.[48]

---

[44] Doc. 12 at 5-9.
[45] *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).
[46] 20 C.F.R. 404.1520(c); *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted).
[47] *McCrea*, 370 F.3d at 360; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).
[48] *Bowen*, 482 U.S. at 146; *Stancavage v. Saul*, 469 F. Supp. 3d 311, 331 (M.D. Pa. 2020).

In challenging this finding, Hummel does not point to specific evidence or findings that demonstrate she suffered from additional limitations due to her obesity; rather she relies on generalized assertions that obesity could exacerbate her other physical conditions.[49] But it is well settled that a generalized "assertion that her weight makes it more difficult for her to stand, walk, and manipulate her hands and fingers . . . is not enough to require a remand[.]"[50] This is particularly so where, as here, the plaintiff "never mentioned obesity as a condition that contributed to her inability to work[.]"[51] Here, the ALJ did consider Hummel's obesity but found it to be nonsevere, reasoning that the longitudinal medical record did not demonstrate that Hummel suffered objective deficits due to her obesity.[52] Indeed, while the record contains many notations of Hummel's obesity, these same records note no gross abnormalities of her extremities, an ability to ambulate independently

---

[49] *See* Doc. 12 at 5-9.
[50] *Rutherford*, 399 F.3d at 553.
[51] *Id.*; *see also Del Grippo v. Comm'r of Soc. Sec.*, 2022 WL 2713908, at *5 (D.N.J. July 13, 2022) ("Mere speculation that obesity combined with other impairments necessitates more significant RFC limitations in insufficient to overturn the ALJ's analysis.").
[52] Tr. 32.

with a normal gait, full strength, and full range of motion.[53] And the ALJ explicitly stated that she considered both severe and nonsevere impairments in formulating Hummel's RFC.[54] Accordingly, because Hummel fails to point to any evidence demonstrating her obesity further affected her RFC, a remand is not warranted.

Hummel also argues that the ALJ failed to properly consider the opinion of her treating physician, Dr. Kon, who opined that Hummel was significantly limited in her physical functioning.[55] Specifically, Dr. Kon's opinion limited Hummel to sitting and standing for less than two hours of the workday; an ability to lift and carry less than 10 pounds; a need to shift positions at will every 30 minutes; and that she could never climb ladders or stairs.[56] The ALJ found this opinion unpersuasive, reasoning that it was a check-box form opinion with no explanation accompanying the significant limitations, which the ALJ found were inconsistent with and unsupported by the medical records, including Dr. Kon's own

---

[53] *See* Tr. 955, 963, 1024-27, 1050, 1062, 1076, 1110-13, 1122, 1147, 1152-53, 1211-12.
[54] *Id.*
[55] Doc. 12 at 9-18.
[56] Tr. 1068-69.

examination findings.[57] Instead, she found the opinions of the state agency consulting physicians and the consultative examiner somewhat persuasive but assessed greater physical limitations based on Hummel's testimony and additional evidence received after these opinions were rendered.[58]

We find no error with the ALJ's assessment of the medical opinion evidence. At the outset, we note that the Third Circuit has suggested that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."[59] We find this to be particularly the case here, where the limitations set forth in the form are contradicted by the physician's own treatment notes that, while noting Hummel was obese, contained largely unremarkable findings, such as negative straight leg raise testing, no clubbing or edema, and notations that Hummel's conditions were stable.[60] The ALJ clearly discussed the supportability and consistency of this opinion and set forth her reasoning

---

[57] Tr. 37.
[58] Tr. 36-37.
[59] *Mason*, 994 F.2d at 1065.
[60] *See e.g.*, Tr. 1109-16.

for finding it unpersuasive. Additionally, because we have concluded that the ALJ properly considered Dr. Kon's opinion and found it unpersuasive, there was no obligation on the ALJ to include Dr. Kon's limitations in the hypothetical to the VE.[61]

In sum, we find that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 17th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

[61] *See Zirnsak*, 777 F.3d at 615 (finding that only "credibly established limitations" must be submitted in a hypothetical to the VE).